Good morning, Your Honors. May it please the Court, my name is Raha Georgiani, appearing on behalf of the appellant Robert Taylor. I'd like to reserve three minutes for rebuttal. Your Honors, Mr. Taylor has met his burden of establishing by a preponderance of the sexual assault conviction does not constitute an aggravated felony. He asks that his case be remanded to district court for a discretionary finding on good moral character. Although Mr. Taylor was charged with two statutes, one age-neutral and the other age-specific, he was only convicted under the age-neutral statute that requires that he engage in sexual assault of another person. Mr. Taylor could have been convicted of Section 271 of the his victim was 13 years old or 30. Now his charge under the age-specific statute, that's Section 151 of the Canadian Criminal Code, was conditionally stayed until his conviction for Section 271 became final. So under Canadian case law, the Canadian Supreme Court has something called the Kynapple Principle that prohibits being punished twice for the same offense. And under that principle, the trier of fact is to convict the individual on the more serious charge, which under Canadian law is sexual assault of another person, not sexual interference with a child under 14. And once what you were convicted of becomes final, either you appealed it and you lost or you didn't appeal it, once that becomes final, the stay, the conditional stay becomes a permanent stay and is tantamount to an acquittal. And that's under the case law of Provo at ER 155. This is a naturalization case, it's not an immigration asylum appeal, correct? Correct, Your Honor. And it's your client's burden to show that he possesses the good moral character that's required for maturization into citizenship, correct? Yes, Your Honor. Could the district court in this case have accepted your version of the Canadian conviction and still concluded that he hadn't established good moral character? Your Honor, it's my client's burden to prove that he hasn't been convicted of an aggravated felony, not that he hasn't committed an aggravated felony. No, no, so I'm just asking you hypothetically if the district court in this case had said, Mr. Taylor, I absolutely accept your argument about the offense and that none of its elements involve age or age specific. I treat that simply as a sexual assault, but that combined with the other history you have presented to me fails to meet the requirement of good moral character. Your Honor, yes, the district court had the power, had the authority and the jurisdiction to find that Mr. Taylor was maybe eligible for naturalization in that his conviction wasn't an aggravated felony, but that his past history made him, made it so that he couldn't establish good moral character. But the district court didn't make that finding. The district court here said that Mr. Taylor was simply barred and that's what USCIS had found in the court below. She never got to that because she didn't need to get to that because the issue before her was that you don't need to get to that if it's established that Mr. Taylor committed an aggravated felony, correct? Because then he's barred from even showing that he has good moral character to come in. I mean, isn't that kind of how this proceeded and how it's kind of gotten to this point? Yes, and the only correction I would make, Your Honor, respectfully, is that again, it's not that she would have had to find that he's committed an aggravated felony, that he's been convicted of one. Yes, I'm sorry. Yes. And so the dilemma here or the issue here is whether the modified categorical approach was correctly applied by the district court. Your argument is that no, it wasn't because the crime upon which she said, based her decision that it was an aggravated felony, which was the sexual abuse, did not necessarily involve a child victim. Correct. Is that correct? Yes, Your Honor. All right, and so therefore the modified categorical approach, that conviction didn't necessarily rest on the victim being a child. Correct, Your Honor. The other crime did, and the judge looked at that, but you're under the case of Aguilar-Torcillos, that the court is precluded from looking at that. But the court could have looked at other judicially noticeable documents under the modified categorical approach, correct? Correct, Your Honor. And so my question is, at sentencing in the Canadian court, the judge did refer to the age of the victim during sentencing. Could that not be the basis to find, under the modified categorical approach, that the sexual abuse involved a child? Your Honor, thank you for that question. If I can answer it in two ways. One is, I just want to reiterate what we believe is the critical question in this case, because I think the question can be misunderstood. The critical question is not whether the victim was in fact 13 years old, or whether that fact appears in a judicially noticeable document. The question is whether the victim's age is a fact necessary for a conviction for sexual assault, such as to make that fact reviewable under the modified categorical approach. And if the answer to that is yes, then we look at, okay, well was that fact in a judicially noticeable document? So our first argument is that it wasn't a fact upon which the conviction necessarily rested, as it wasn't even alleged in the count. Age wasn't alleged, let alone the prosecutor's theory. And that's at ER 82. But more specifically to your Honor's point, the sentencing transcript relied on by the government in their brief on page 18 and 19 is not a judicially noticeable document. This court has repeatedly held that sentencing findings are not cognizable under the modified categorical approach. Resurrection Mukasey, Rodriguez-Guzman, I'll spare the court from the other sites. The court affirmed this proposition again in Gonzales-Aparicio. All of those cases are either in the sentencing context of a criminal case, or an immigration asylum petition for review from the Board of Immigration Appeals, correct? I believe so, yes, Your Honor. Any cases in the naturalization context? Your Honor, I will point the court to Medina Villa and Palaio Garcia, where they found that the decisional law defining the term sex abuse of a minor in the sentencing context is informed by the definition of the same term in the immigration context and vice versa. If I can actually point the court to... Let me tell you what my concern is, so you can address it directly. If we were in the immigration context, we would not be able, as a panel, to affirm the district court for any reason apparent in the record, as we ordinarily can in an ordinary appeal, because in the immigration asylum context, our decision has to address the basis upon which the BIA reached their decision. This is naturalization. This is a direct appeal from district court. Isn't it true that if we wanted to, I'm not saying we should or are going to, but couldn't we affirm for any basis apparent in the record, if we wish to? Your Honor, I believe that is correct in that this court has de novo review over whether a conviction constitutes an aggravated felony. Couldn't we simply say that on the evidence presented to the district court, regardless of whether this conviction constitutes an aggravated felony, that your client didn't show good moral character? No, Your Honor. I think that this court can decide the prima facie issue of eligibility, but I think that it's for a trier of fact, right? It's for a fact-finding court to figure out whether he actually, based on other evidence, established good moral character. My client never had, Grant, I wasn't the attorney at the lower court, but my client, as far as I can understand, never had an opportunity to have an evidentiary hearing. He didn't have an opportunity to have, you know, to submit letters of support to show that he's been . . . So your argument is if we come to that conclusion, what we should do is remand him to the district court. Precisely, Your Honor. We're asking for a remand with instructions. And then the district court would then get to determine, looking at everything, or you'll make your arguments of what you think she might not be able to look at, but I've seen it, looking at everything, whether or not your client has met its burden in establishing a good moral character. Exactly, Your Honor. Okay. Assuming, arguendo, that the district court erred and the Canadian conviction is not an aggravated felony under, I think, Section 1101, is it? 1101A43A, yes. So do you . . . I'm just curious if you agree that the conviction can still be considered by USCIS when determining whether Taylor lacks good moral character? Yes, Your Honor. Yes, Your Honor. The USCIS, essentially, my client would not be out of the woods if this court found that it wasn't an aggravated felony. But the next important, I think, issue is the burden of proof and whether it should be preponderance or clear and convincing. Yes, Your Honor. Well, the government argues under Bereni or says sites for out-of-circuit precedent, saying that Bereni, they interpret Bereni as saying that the burden on my client is to establish that he hasn't been convicted of an aggravated felony under clear, convincing evidence. But the argument is in vain, we would argue, because this court has found, in the Ninth Circuit opinion, hovsepian, that the burden on a naturalization applicant is to show that he's eligible or she's eligible by a preponderance of the evidence. This agency's own regulations in 8 CFR 316.2 A, 7, and B also specifically state that the burden is preponderance of the evidence. The government also argues that, or seems to be arguing that my client has the burden to prove that his victim was not a minor. Now, the reasoning in Young, we would argue, applies only to divisible statutes. In Young, the charging document specifically alleged 14 theories under which the prosecutor was charging the crime. The court in Young defined an inconclusive record, found that to be inconclusive, right, because there were so many theories, and then defined an inconclusive record stating when the record of conviction consists of a charging document that includes several theories of the crime, at least one of which would not qualify as a predicate conviction, then the record is inconclusive under the modified categorical approach. In the next paragraph, they call that a rule, and then they apply that rule to Young, finding that because he pled to a conjunctively worded charging document, that his record was inconclusive. Our record conclusively establishes that the prosecution had one theory, and one theory only, that is that Mr. Taylor was committed a sexual assault against another person. I see I'm down to two and a half minutes, so I'd like to reserve my time if possible. Just a minute though. I got to ask you a question, going back to this Kinepple rule, which the government raised, now, the Canadian court, as you said, right, entered a stay on the sexual inference with the minor. Correct. Now, according to the government, the Kinepple rule applies only when the stay charge does not include any additional elements from the primary charge, and if that's true then, the government argues, then obviously the primary charge includes the, you know, the underage of the victim. What's your response to the government's argument? And they cite Canadian case law. Yes, Your Honor, to be very honest, I read that paragraph over and over and over, and I don't feel I have a perfect command over that. I don't think that the government has proven that the Kinepple principle doesn't apply. All the other Canadian cases that we've looked at specifically have dealt with sexual interference of a child charge, and the sexual assault charge, and have found that the Kinepple principle does apply, including another case that the government submitted, which is MMS. So what I think what our argument comes down to is that in order to use the facts that support that charge, that charge would have had to become a conviction. If we just look to the INA, the INA tells us that to be barred from establishing good moral character, you have to be convicted of an aggravated felony. That's 8 U.S.C. 1101 F8. And then if we look at the definition of conviction under immigration law, that definition is 1101 A48A, and that definition says two ways something can be a conviction. Either one, there has to be a final judgment or adjudication by a court, which we didn't have here because we had a stay that turned into an acquittal, or, and this is maybe more applicable, if the government could prove what Your Honor is saying, that Mr. Taylor was even found guilty before he was stayed. The second definition of conviction says you have to have a finding of guilt plus some restraint or punishment, and the Kinepple principle says you can't be punished twice for the same offense. So by Canadian case law, this stay does not constitute a conviction under immigration purposes and therefore cannot be, cannot be used. Well, Good morning, Your Honors. May it please the Court. Melissa Liebman on behalf of the United States government. This is a naturalization case. And you are from Maine Justice, correct? Yes, Your Honor. Okay, thank you. This is a naturalization case in which Robert Taylor bears the burden of establishing that he is eligible for the highest privilege of United States citizenship. The Supreme Court has held that the burden is on the applicant to show eligibility in every respect. And you're starting off with the burden and your brief deals a lot with the burden. Do you concede that the district court erred in applying the modified categorical approach? I don't concede that the court erred in applying the that approach. But it doesn't matter, Your Honor, because this court can affirm the dismissal of the district court decision on any grounds that are in, that are, any evidence that's available in the record. And the record clearly shows that Mr. Taylor has not established that he was not, in fact, convicted of an aggravated felony. And therefore, under this court's decision in Young, this court has to find that he failed to meet his burden and therefore he cannot be deemed eligible for naturalization. I'm sorry, when you say he failed to meet his burden generally or that he wasn't a convicted, an aggravated felon? He failed to meet his burden of establishing that he was not an aggravated felon with respect to his sexual abuse of a minor charge. And that, and that can be found in his 95 conviction for sexual assault under Canadian law. How? Explain to me how. I mean, I'm trying to figure out how, your argument on that. The Canadian law requires that the conviction for sexual assault contains several different elements, one of which was consent. Canadian law also hold, requires under Canadian criminal code section 150.11 that where the individual, the victim, is under the age of 14, there can be no consent. Therefore, the court was required to consider the age of the victim in this case. That is one of our arguments, the court was required to consider the age because of the statutory regime underlying the sexual assault charge in this case. But I don't think you've been able to clearly establish that. I mean, you say that and looked at all that you, I mean, you filed 50, I don't know how many cases, some of them were in French, in your supplemental briefing. And I'm trying to figure out what the authority is for your proposition that somehow we can affirmatively say that the Canadian court necessarily was able to, or it was established that the conviction for the aggravate, or the sexual assault necessarily included that the victim was a child because the elements there don't say that. The other charge did, but he wasn't, they didn't proceed against him on the other charge. Are you saying that the Canadian courts have this unique procedure that I don't quite understand, but that somehow the court had to find on both, but he's not convicted of the other one? Is that correct? That's correct, Your Honor. Under the Kynapple principle, which we concede applies here, the court cannot convict on both counts. But in order to conditionally stay the lesser offense, which was the sexual interference charge, the court was required to determine that all of the elements of the lesser charge, the sexual interference charge, were met. The sexual interference charge is not a lesser included offense of the sexual assault charge, at least not by our standards. It involves a different element. The sexual assault is a subset of the sexual interference, but it's not the other way around. So that reasoning is flawed. That may be true under United States law, but that's not true under Canadian law. The cases that the government has presented to this court make clear that under Canadian law, the sexual assault is considered the more serious crime. The sexual interference is the lesser. That may be the more serious crime, but that's not how you determine lesser included offenses. I mean, lesser included offenses means that the elements in what you call lesser included offenses are a subset of the greater offense. That's not the case here. So if that's all you have, then I think we probably should move on to whatever you think should happen next, because otherwise, I don't think you're going to be able to succeed in saying that there wasn't problems with applying the modified categorical approach. So what's your next argument? If the court's not persuaded that Mr. I'm speaking for myself. I don't know about my colleagues, but I would like to see what your best argument is after that. In this case, because Mr. Taylor has not proven that he was not, in fact, convicted of an aggravated felony, he has not shown that the court did not consider the age of the victim in the course of his trial. He did not present to the district court or, I'm sorry, or to the USCIS during the course of his proceedings. They asked for his full court transcript. He only provided the transcript from his first day. He didn't provide the transcript from the continuation of his trial or the court's finding as facts. Therefore, he cannot prove and has not established that the Canadian court did not consider the age of the victim in the course of reaching its conviction for sexual assault. Didn't the district court pretty much stop at that point? Do you mean because there was a motion to dismiss for failure to state a claim? Yes, Your Honor. The court did not collect additional evidence. It went based on the record that had been established before USCIS. Mr. Taylor is a veteran of the United States Armed Forces, correct? That's correct, Your Honor. What consideration should be given to that fact in the context of whether we should remand or not? This court should still hold Mr. Taylor to the burden that he is required to establish that he is eligible for citizenship. I don't know whether or not this court ... I haven't seen any precedent that requires this court to give special consideration of the fact that he is applying under a different statutory provision based on his year of service. I think the U.S. Supreme Court would probably disagree with you on that point, but is it your position that no consideration should be given to that? I don't believe that he should be not held to his burden in this case and that any consideration should be given with respect to him not meeting that burden. You concede that there's been no full hearing on good moral character? That's correct. The court only determined that he failed to establish good moral character based on the existence of an aggravated felony. If this court determines that it cannot uphold the district court's decision on that finding, then this court may remand back to the district court for full proceedings. The government believes that on remand back to the district court, discovery will present many different grounds upon which Mr. Taylor cannot establish his eligibility for naturalization aside from the crimes involving moral turpitude. Sounds like you're chomping at the bit to try that. What's the burden? Let's talk about it, because I think you say that he would then have the burden to prove by clear and convincing, but I want to find out what your basis for that is. It's the government's position that Bereni requires the court to hold Mr. Taylor to a stand. The discussion in Bereni where it talks about how in a denaturalization case, the burden is on the government to prove that he lacks good moral character by clear and convincing evidence, and in this context, the shoe is on the other foot. But Bereni can be distinguished, can't it, because Bereni did say, and that's a Supreme Court case, that said that clear and convincing evidence standard would apply with regard to the government's burden when stripping a person of citizenship. That's not the case here. Mr. Taylor is no longer a citizen. He's been through that process, apparently. So it seems like the controlling law is hosapan, where we stated it is plainly true that a person of good character is responsible for proving that he or she meets all of the requirements for naturalization. And in that case, it says, thus, hosapan and Yacoubin were responsible for proving that they have been and are persons of good character attached to the principles of the United States and favorably disposed toward the good order and happiness of the United States. Isn't Bereni distinguishable based on its posture? Well, the government's position is that the Supreme Court case should win out in a controversy between this Court's holding in Hovsepian and the Supreme Court case. But if this Court standard wins out for Mr. Taylor, it's the government's position that Mr. Taylor still fails to meet his burden under the preponderance standard because under this Court's decision in Young, even if the record is inconclusive with respect to whether or not he meets his eligibility for good moral character with respect to the existence of an aggravated felony, if he cannot prove definitively that he has not in fact been convicted of an aggravated felony, then the Court has to find in favor of the government, either under the clear and convincing standard or the preponderance standard. In this case, all that's way down the line. The only thing we're concerned here now is this question about aggravated felony, right, which prevents getting into the merits. Isn't that the posture of this case now? Yes, Your Honor. I'm not asking the Court to get into the merits of Mr. Taylor's good moral character, only to the extent that his 95 conviction for sexual assault can be considered an aggravated felony. And in Young, the question was whether or not the individual who is applying for a benefit met his burden of establishing that he was not in fact convicted of an aggravated felony. It's our position that Mr. Taylor has failed to meet that burden, and even under the preponderance standard, he cannot show that he is eligible for a naturalization because he has failed to show that he was not in fact convicted of an aggravated felony. Thank you. Unless you have anything else. No, Your Honor. Thank you. One more thing. Mr. Taylor never had citizenship. He was here as a lawful permanent resident. He was an LPA. You're right. He was, but he no longer is. Thank you. Yes, thank you for clarifying that. Your Honor, just a few quick concluding points. The government in its briefs and in its arguments has repeatedly tried to shift this Court's attention away from Mr. Taylor's conviction, which is the sole focus of the modified categorical inquiry. But this Court could not have been any clearer in Aguila Montes de Oca when it stated that it is the facts upon which the conviction necessarily rested, not the facts upon which the charge necessarily rested, and not the facts upon which the sentence necessarily rested that are reviewable under the modified categorical approach. There's one other thing I just wanted to bring the Court's attention to. This is ultimately a case where the government is seeking to impose the consequences that might have been imposed had Mr. Taylor been convicted of a different offense, an offense that he was charged with but not convicted of. This is particularly significant because it seems that under the operation of the Kinepple principle, Mr. Taylor didn't really have an opportunity to challenge the conduct that was under review for the state charge on appeal. In other words, when he took his appeal, it was to appeal what he was convicted of. So it seems gravely problematic then to impose a consequence on Mr. Taylor for a state charge that he wouldn't have had any reason to challenge before a higher court, or maybe even any opportunity to challenge before a higher court. If there is a remand and there is a hearing, could the government produce the victim of this offense and have him or her say, I was 13 or 12 or whatever at the time? I can't speak to what evidence would be admissible before a district court. I've never been before a district court. But, Your Honor, I think that even if that were possible, again, that goes to the question of whether the victim was actually 13. Even if the victim was 13, it doesn't really change the fact that age of the victim was not a fact upon which the prosecution's theory was that they needed age in order to prove the lack of consent element, then they would have stated that in the charging document. And I don't have time to get into the argument, but actually, we would argue that under the case that the government themselves submitted under MMS, that finding is precluded. If I may have one moment to get into that. No, but I think the question, this is where I understood the question Judge Hawkins raised is that if you get back to the district court on a merits hearing, then, you know, you're not concerned with the categorical approach or the modified categorical approach. The government's free then to introduce and argue the actual age of the victim for purposes of moral character, right? Yes, for purposes, I'm sorry, for purposes of a discretionary finding for good moral character, yes, that's correct. Thank you very much. Thank you, Your Honor. Have you tried a case in district court before? I have not. If this case is remanded, will you take that on? That would... Not you, but the clinic. You know, maybe. It might be a learning experience for us, yes. Thank you. Thanks for coming in. Thank you. Thank you very much. Thank you for your presentations of the cases submitted. We're now ready to proceed with the final matter on our docket, and that's Blackwater Security Consulting.
judges: Hawkins, Tashima, Murguia